**FRANK M. MANGAN**
California State Bar No. 57689
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Facsimile: (619) 687-2666
Email: Frank_Mangan@fd.org

Attorneys for Mr. Vreeland

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE THOMAS J. WHELAN**)

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 08CR2040-TJW |
| Plaintiff, | DATE: August 14, 2008 |
| | TIME: 9:00 a.m. |
| v. | |
| | NOTICE OF MOTIONS AND MOTIONS: |
| JOHN MICHAEL VREELAND, | |
| | (1) TO COMPEL DISCOVERY/ |
| Defendant. | PRESERVE EVIDENCE; |
| | (2) TO SUPPRESS MR. VREELAND'S |
| | STATEMENTS; AND |
| | (3) TO GRANT LEAVE TO FILE |
| | FURTHER MOTIONS. |

TO: KAREN P. HEWITT, UNITED STATES ATTORNEY, AND
CAROLINE HAN, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on August 14, 2008, at 9:00 a.m. or as soon thereafter as counsel may be heard, the defendant, John Michael Vreeland, by and through his counsel, Frank M. Mangan and Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the following motions.

## MOTIONS

The defendant, John Michael Vreeland, by and through his attorneys, Frank M. Mangan and Federal Defenders of San Diego, Inc., pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law and local rules, hereby moves this Court for an order:

1) to compel discovery/preserve evidence;
2) to suppress Mr. Vreeland' statements; and
3) for leave to file further motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, and all other materials that may come to this Court's attention at the time of the hearing on these motions.

Respectfully submitted,

Dated: July 30, 2008

   */s/ Frank M. Mangan*
**FRANK M. MANGAN**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Vreeland

**FRANK M. MANGAN**
California State Bar No. 57689
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Facsimile: (619) 687-2666
Email: Frank_Mangan@fd.org

Attorneys for Mr. Vreeland

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE THOMAS J. WHELAN**)

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 08CR2040-TJW |
| Plaintiff, | DATE: August 14, 2008 |
| | TIME: 9:00 a.m. |
| v. | |
| JOHN MICHAEL VREELAND, | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS. |
| Defendant. | |

**I.**

**STATEMENT OF FACTS**[1]

On Monday, June 2, 2008, at approximately noon, the California Bank and Trust at 525 B Street, Suite 100, San Diego, CA was robbed by a lone white male, later determined to be Mr. Vreeland. The perpetrator stated to a teller: "Stay calm, this is a robbery. Give me all your large bills from your top drawer." The man walked out of the bank with a grand total of $480.00. On Thursday, June 5th, Mr. Vreeland walked into the San Diego Police Department Headquarters, 1401 Broadway, San Diego, CA and explained he wanted to turn himself in for the aforementioned bank robbery. Mr. Vreeland was taken into custody by the FBI, advised of his Miranda rights, waived those rights and confessed to the robbery.

---

[1] Most of this statement of facts is based on information provided by the government. Mr. Vreeland does not admit its accuracy and reserves the right to challenge it at a later time.

1  He was arraigned on a complaint on June 6, 2008; Federal Defenders of San Diego, Inc. was appointed to
2  represent him; and on June 18, 2008 a one count Indictment was returned by the Grand Jury charging
3  Mr. Vreeland with unarmed bank robbery in violation of 18 U.S.C. § 2113(a).

## II.

## MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE

At this time Mr. Vreeland has received 56 pages of discovery plus one audio tape and one video tape. He now requests the following additional discovery materials. His request is not limited to those items that the prosecutor knows of. It includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989); United States v. Jernigan, No. 05-10086, at *6 (9th Cir. July 9, 2007) (en banc).

1. The Defendant's Statements. The government must disclose to the defendant copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant that the government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements that the government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings that may have been given to the defendant; and any other statements by the defendant. FED. R. CRIM. P. 16(a)(1)(A) and (B). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the government must reveal *all* the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

2. Arrest Reports, Notes and Dispatch Tapes. The defendant also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced *in their entirety*, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. The defendant includes in this request any redacted portions of any report of the investigation and any subsequent reports

that the case agent or any other agent has written. This is all discoverable under FED. R. CRIM. P. 16(a)(1)(A) and (B) and Brady v. Maryland, 373 U.S. 83 (1963). See also Loux v. United States, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under FED. R. CRIM. P. 16(a)(1)(A) and (B), FED. R. CRIM. P. 26.2 and 12(I). Preservation of rough notes is requested, whether or not the government deems them discoverable.

3. Brady Material. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to him on the issue of guilt and/or that affects the credibility of the government's case. Impeachment and exculpatory evidence both fall within Brady's definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

4. Any Information That May Result in a Lower Sentence. Any information that may result in a more favorable sentence must also be disclosed pursuant to Brady, 373 U.S. 83. The government must disclose any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the United States Sentencing Commission Guidelines Manual ("Guidelines"). Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines.

5. The Defendant's Prior Record. Evidence of a prior record is available under FED. R. CRIM. P. 16(a)(1)(D). The defendant specifically requests a complete copy of any criminal record.

6. Any Proposed 404(b) Evidence. Evidence of prior similar acts is discoverable under FED. R. CRIM. P. 16(a)(1)(D) and FED. R. EVID. 404(b) and 609. In addition, under FED. R. EVID. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . . ." of any evidence the government proposes to introduce under FED. R. EVID. 404(b) at trial. Sufficient notice requires the government to "articulate *precisely* the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." United States v. Mehrmanesh, 689

1  F.2d 822, 830 (9th Cir. 1982) (emphasis added; internal citations omitted); see also United States v. Brooke,

2  4 F.3d 1480, 1483 (9th Cir. 1993) (reaffirming Mehrmanesh and reversing convictions).

3        The defendant requests that such notice be given *three weeks before trial* to give the defense

4  time to adequately investigate and prepare for trial.

5        7. <u>Evidence Seized</u>.  Evidence seized at each crime scene and evidence seized as a result of

6  any search, either warrantless or with a warrant, is discoverable under FED. R. CRIM. P. 16(a)(1)(E).

7        8. <u>Request for Preservation of Evidence</u>.  The defense specifically requests that all dispatch

8  tapes, surveillance film and/or pictures, lifted latent fingerprints or any other physical evidence that may

9  be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and that relate

10 to the arrest or the events leading to the arrest in this case be preserved.  This request includes, but is not

11 limited to any vehicle involved in the case, the defendant's personal effects, and any evidence seized from

12 the defendant or any third party.  This request also includes any material or percipient witnesses who might

13 be deported or otherwise likely to become unavailable (<u>e.g.</u>, undocumented aliens and transients).

14       It is requested that the prosecutor be ordered to *question* all the agencies and individuals

15 involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does

16 exist, to inform those parties to preserve any such evidence.

17       9. <u>Henthorn Material</u>.  The defendant requests that the Assistant United States Attorney

18 ("AUSA") assigned to this case oversee (not personally conduct) a review of all personnel files of each

19 agent involved in the present case for impeachment material.  See Kyles v. Whitley, 514 U.S. 419, 437-38

20 (1995) (holding that "the individual prosecutor has a duty to learn of any favorable evidence known to the

21 others acting on the government's behalf in the case, including the police"); United States v. Henthorn, 931

22 F.2d 29 (9th Cir. 1991).  This request includes, but is not limited to, any complaints filed (by a member of

23 the public, by another agent, or any other person) against the agent, whether or not the investigating

24 authority has taken any action, as well as any matter for which a disciplinary review was undertaken,

25 whether or not any disciplinary action was ultimately recommended.  The defendant further requests

26 production of any such information at least one week prior to the motion hearing and two weeks prior to

27 trial. If the prosecutor is uncertain whether certain information should be disclosed pursuant to this request,

28

this information should be produced to the Court in advance of the motion hearing and the trial for an *in camera* inspection.

   10. <u>Tangible Objects</u>.  The defendant requests the opportunity to inspect, copy, and test, as necessary, all other documents and tangible objects, including photographs, film, books, papers, documents, alleged narcotics, fingerprint analyses, vehicles, or copies of portions thereof, that are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant. FED. R. CRIM. P. 16(a)(1)(E). Specifically, the defendant requests color copies of all photographs in the government's possession that relate to this case.

   11. <u>Expert Witnesses</u>.  The defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. FED. R. CRIM. P. 16(a)(1)(G). This summary should include a description of the witness' opinion(s), as well as the bases and the reasons for the opinion(s). See <u>United States v. Duvall</u>, 272 F.3d 825 (7th Cir. 2001) (finding that government's written expert notice did not adequately summarize or describe police detective's testimony in drug prosecution where notice provided only a list of the general subject matters to be covered and failed to identify what opinion the expert would offer on those subjects). This request includes, but is not limited to, disclosure of the qualifications of any government witness who will testify that he understands and/or speaks Spanish or any other foreign language that may have been used during the course of an interview with the defendant or any other witness.

   The defendant requests the notice of expert testimony be provided at a minimum of *three weeks prior to trial* so that the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions, credentials of the government's expert and obtain a hearing in advance of trial to determine the admissibility of qualifications of any expert. See <u>Kumho Tire Co., Ltd. v. Carmichael</u>, 526 U.S. 137, 119 S. Ct. 1167, 1176 (1999) (trial judge is "gatekeeper" and must determine, reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings").

   12. <u>Impeachment evidence</u>.  The defendant requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether

any witness has made a statement favorable to the defendant. See FED. R. EVID. 608, 609 and 613. Such evidence is discoverable under Brady, 373 U.S. 83. See United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

13. Evidence of Criminal Investigation of Any Government Witness. The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir. 1985).

14. Evidence of Bias or Motive to Lie. The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); Strifler, 851 F.2d 1197.

15. Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity. the defendant requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. Strifler, 851 F.2d 1197; Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980).

16. Witness Addresses. The defendant requests the name and last known address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984).

17. Name of Witnesses Favorable to the Defendant. The defendant requests the name of any witness who made any arguably favorable statement concerning the defendant or who could not identify him or identified someone else or who was unsure of his identity or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis, 637 F.2d at 223; Jones v. Jago, 575 F.2d 1164,1168 (6th Cir. 1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980).

18. <u>Statements Relevant to the Defense</u>.  The defendant requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert.  <u>United States v. Bailleaux</u>, 685 F.2d 1105 (9th Cir. 1982).  This includes grand jury transcripts that are relevant to the defense motion to dismiss the indictment.

19. <u>Jencks Act Material</u>.  The defendant requests production in advance of the motion hearing or trial of all material, including dispatch tapes, that the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500 and FED. R. CRIM. P. 26.2.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under section 3500(e)(1).  <u>Campbell v. United States</u>, 373 U.S. 487, 490-92 (1963); <u>see also</u> <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir. 1991) (holding that interview notes constitutes Jencks material when an agent reviews notes with the subject of the interview); <u>see also</u> <u>United States v. Riley</u>, 189 F.3d 802, 806-08 (9th Cir. 1999).  Advance production will avoid the possibility of delay of the motion hearing or trial to allow the defendant to investigate the Jencks material.  The defendant requests pre-trial disclosure of such statements to avoid unnecessary recesses and delays and to allow defense counsel to prepare for, and use properly any Jencks statements during cross-examination.

20. <u>Giglio Information</u>.  Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, expressed or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information that could arguably be used for the impeachment of any government witnesses.

21. <u>Agreements Between the Government and Witnesses</u>.  The defendant requests discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective government witness and the government (federal, state and/or local).  This request also includes any discussion with a potential witness about or advice concerning any immigration benefits, any contemplated prosecution, or any possible plea bargain, even if no bargain was made or the advice not followed.

22. <u>Informants and Cooperating Witnesses</u>. The defendant requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against the defendant. The government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. <u>Roviaro v. United States</u>, 353 U.S. 53, 61-62 (1957). The government must disclose any information derived from informants that exculpates or tends to exculpate the defendant.

23. <u>Reports of Scientific Tests or Examinations</u>. Pursuant to FED. R. CRIM. P. 16(a)(1)(F), the defendant requests the reports of all tests and examinations conducted upon the evidence in this case, including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and that are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

24. <u>Residual Request</u>. The defendant intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.

### III.

### MOTION TO SUPPRESS MR. VREELAND' STATEMENTS PURSUANT TO MIRANDA AND 18 U.S.C. § 3501

The government bears the burden of demonstrating that a defendant's statement is voluntary and that <u>Miranda</u> warnings were given prior to a custodial interrogation. <u>United States v. Harrison</u>, 34 F.3d 886, 890 (9th Cir. 1994); <u>see also</u> <u>Dickerson v. United States</u>, 530 U.S. 428, 439-41 (2000) (discussing constitutional underpinnings of <u>Miranda v. Arizona</u>, 384 U.S. 436, 444 (1966) and the need to safeguard "precious Fifth Amendment rights"); <u>see also</u> 18 U.S.C. § 3501. Unless and until the government meets this high burden in this case, Mr. Vreeland's statements must be suppressed.

1  **A.     The Government Must Demonstrate Compliance with *Miranda* in This Case.**

**1. *Miranda* Warnings Must Precede Custodial Interrogation.**

The prosecution may not use statements, whether exculpatory or inculpatory, stemming from a custodial interrogation of Mr. Vreeland unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. Miranda v. Arizona, 384 U.S. 436, 444 (1966).[2] Custodial interrogation is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. Id. See Orozco v. Texas, 394 U.S. 324, 327 (1969).

Once a person is in custody, Miranda warnings must be given prior to any interrogation. See United States v. Estrada-Lucas, 651 F.2d 1261, 1265 (9th Cir. 1980). Those warnings must advise the defendant of each of his or her "critical" rights. United States v. Bland, 908 F.2d 471, 474 (9th Cir. 1990). In order for the warning to be valid, the combination or the wording of its warnings cannot be affirmatively misleading. United States v. San Juan-Cruz, 314 F.3d 384, 387 (9th Cir. 2002). The warning must be clear and not susceptible to equivocation. Id. (vacating illegal entry conviction where defendant was advised of his administrative rights from an I-826 form and later advised of his Miranda rights). If a defendant indicates that he wishes to remain silent or requests counsel, the interrogation must cease. Miranda, 384 U.S. at 474; see also Edwards v. Arizona, 451 U.S. 477, 484 (1981). Unless and until the government shows that the agents properly administered the Miranda warnings, the government cannot use evidence obtained as a result of any custodial interrogation that occurred after Mr. Vreeland's arrest. Miranda, 384 U.S. at 479.

**2. The Government Must Demonstrate That Any Alleged Waiver of Mr. Vreeland's Rights Was Voluntary, Knowing, and Intelligent.**

When interrogation occurs without the presence of an attorney and a statement is taken, a *heavy* burden rests on the government to demonstrate that the defendant intelligently and voluntarily waived his privilege against self-incrimination and his right to retained or appointed counsel. Miranda, 384 U.S.

---

[2] In Dickerson v. United States, 530 U.S. 428, 120 S. Ct. 2326 (2000), the Supreme Court held that Miranda rights are no longer merely prophylactic, but are of constitutional dimension. Id. at 2336 ("we conclude that Miranda announced a constitutional rule").

1  at 475. It is undisputed that, to be effective, a waiver of the right to remain silent and the right to counsel
2  must be made knowingly, intelligently, and voluntarily. Schneckloth v. Bustamonte, 412 U.S. 218 (1973).
3  To satisfy this burden, the prosecution must introduce evidence sufficient to establish "that under the
4  'totality of the circumstances,' the defendant was aware of 'the nature of the right being abandoned and the
5  consequences of the decision to abandon it." United States v. Garibay, 143 F.3d 534, 536 (9th Cir. 1998)
6  (quoting Moran v. Burbine, 475 U.S. 412, 421 (1986)). The Ninth Circuit has stated that "[t]here is a
7  presumption against waiver." Garibay, 143 F.3d at 536. The standard of proof for a waiver of these
8  constitutional rights is high. Miranda, 384 U.S. at 475. See United States v. Heldt, 745 F.2d 1275, 1277
9  (9th Cir. 1984) (the burden on the government is great, the court must indulge every reasonable presumption
10 against waiver of fundamental constitutional rights). Finally, it should be noted that, since Miranda rests
11 on a constitutional foundation, see Dickerson v. United States, 530 U.S. 428, 438 (2000), no law or local
12 court rule relieves the government of its burden to prove that Mr. Vreeland voluntarily waived the Miranda
13 protections. Miranda, 384 U.S. at 475.

14        The validity of the waiver depends upon the particular facts and circumstances surrounding
15 the case, including the background, experience, and conduct of the accused. Edwards v. Arizona, 451 U.S.
16 477, 472 (1981); Johnson v. Zerbst, 304 U.S. 458, 464 (1938). See also United States v. Heldt, 745 F.2d
17 at 1277; United States v. McCrary, 643 F.2d 323, 328-29 (9th Cir. 1981). In Derrick v. Peterson, 924 F.2d
18 813 (9th Cir. 1990), the Ninth Circuit confirmed that the issue of the validity of a Miranda waiver requires
19 a two prong analysis: the waiver must be both (1) voluntary, and (2) knowing and intelligent. Id. at 820.

20        The voluntariness prong of this analysis "is equivalent to the voluntariness inquiry under the
21 [Fifth] Amendment . . . ." Id. The second prong, requiring that the waiver be "knowing and intelligent,"
22 mandates an inquiry into whether "the waiver [was] made with a full awareness both of the nature of the
23 right being abandoned and the consequences of the decision to abandon it." Id. at 820-21 (quoting Colorado
24 v. Spring, 479 U.S. 564, 573 (1987)). This inquiry requires that the Court determine whether "the requisite
25 level of comprehension" existed before the purported waiver may be upheld. Id. Thus, "[o]nly if the
26 `totality of the circumstances surrounding the interrogation' reveal *both* an uncoerced choice *and* the
27 requisite level of comprehension may a court properly conclude that the Miranda rights have been waived."
28 Id. (quoting Colorado v. Spring, 479 U.S. at 573) (emphasis in original) (citations omitted)).

Under prevailing Ninth Circuit law, the government bears the burden of demonstrating a meaningful Miranda waiver by clear and convincing evidence. See Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000) (en banc) (constitutional rights may ordinarily be waived only if it can be established by clear and convincing evidence that the waiver is voluntary, knowing, and intelligent) (citations omitted). Moreover, this Court must "indulge every reasonable presumption against waiver of fundamental constitutional rights." Id. (citations omitted). Unless and until the prosecution meets its burden of demonstrating through *evidence* that adequate Miranda warnings were given and that Mr. Vreeland knowingly and intelligently waived his rights, Mr. Vreeland's statements must be suppressed  Miranda, 384 U.S. at 479.

**B.      The Government Bears the Burden of Proving Mr. Vreeland's Statements Were Made Voluntarily.**

A defendant in a criminal case is deprived of due process of law if the conviction is founded upon an involuntary confession. Arizona v. Fulminante, 499 U.S. 279 (1991); Jackson v. Denno, 378 U.S. 368, 387 (1964). This is so even when the procedural safeguards of Miranda have been satisfied. Id. The government bears the burden of proving by a preponderance of the evidence that a confession is voluntary. Lego v. Twomey, 404 U.S. 477, 483 (1972).

In order to be voluntary, a statement must be the product of a rational intellect and free will. Blackburn v. Alabama, 361 U.S. 199, 208 (1960). In determining whether a defendant's will was overborne in a particular case, the totality of the circumstances must be considered. Schneckloth, 412 U.S. at 226. Some factors taken into account have included the youth of the accused, his lack of education, his low intelligence, the lack of any advice to the accused of his constitutional rights, the length of the detention, the repeated and prolonged nature of the questioning, and the use of physical punishment such as the deprivation of food or sleep. Id.

A confession is deemed involuntary whether coerced by physical intimidation or psychological pressure. Townsend v. Sain, 372 U.S. 293, 307 (1963). "The test is whether the confession was extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence.'" Hutto v. Ross, 429 U.S. 28, 30 (1976) (quoting Bram v. United States, 168 U.S. 532, 542-43 (1897)). See also United States v. Tingle, 658 F.2d 1332, 1335 (9th Cir. 1981).

1  Until the government meets its burden of showing all statements of Mr. Vreeland that it
2  intends to use at trial were voluntary, his statements must be suppressed as involuntary.
3  18 U.S.C. § 3501(a).

4  **C.    This Court Must Conduct An Evidentiary Hearing to Determine the
         Voluntariness of Mr. Vreeland's Statements.**

6  This Court must make a factual determination as to whether a confession was voluntarily given
7  prior to its admission into evidence. 18 U.S.C. § 3501(a). Where a factual determination is required, courts
8  are obligated by Federal Rule of Criminal Procedure 12 to make factual findings. See United States v.
9  Prieto-Villa, 910 F.2d 601, 606-10 (9th Cir. 1990). Because "'suppression hearings are often as important
10 as the trial itself,'" id. at 609-10 (quoting Waller v. Georgia, 467 U.S. 39, 46 (1984)), these findings should
11 be supported by evidence, not merely an unsubstantiated recitation of purported evidence in a prosecutor's
12 responsive pleading. Under section 3501(b), this Court must consider "all the circumstances surrounding
13 the giving of the confession," including:

> (1) the time elapsing between arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment, (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession, (3) whether or not such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him, (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel, and (5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession.

19 18 U.S.C. § 3501(b).

20 Without the presentation of evidence, this Court cannot adequately consider these statutorily
21 mandated factors. Accordingly, Mr. Vreeland requests that this Court conduct an evidentiary hearing
22 pursuant to 18 U.S.C. § 3501(a), to determine, outside the presence of the jury, whether any statements
23 made by Mr. Vreeland were voluntary.

24                                **IV.**

25                    **LEAVE TO FILE FURTHER MOTIONS**

26 At this time Mr. Vreeland has received only 56 pages of discovery. As new information
27 surfaces – via discovery provided by government, defense investigation, or an order of this court – the
28 defense may need to file further motions, or to supplement existing motions. For this reason, defense

counsel requests leave to file further motions, including a motion to dismiss the Indictment because of erroneous instructions given to the January, 2007 grand jury that returned the subject indictment against the defendant.

## V.
## **CONCLUSION**

For the reasons stated, Mr. Vreeland requests that this Court grant his motions.

Respectfully Submitted,

Dated: July 30, 2008         */s/ Frank M. Mangan*
                             **FRANK M. MANGAN**
                             Federal Defenders of San Diego, Inc.
                             Attorneys for Mr. Vreeland

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of his information and belief, and that a copy of the foregoing document has been served this day upon:

**Caroline Han**
Caroline.Han@usdoj.gov

**U S Attorney CR**
Efile.dkt.gc2@usdoj.gov

Dated: July 30, 2008         */s/ Frank M. Mangan*
FRANK M. MANGAN
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467  (tel)
(619) 687-2666  (fax)
e-mail: Frank_Mangen@fd.org